UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| A'GACI, LLC | § | CASE NO. 19-51919-RBK |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | Hearing Date: 8/28/2019 @ 2:00 p.m. |
| | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION SEEKING ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (I) APPROVING POSTPETITION FINANCING, (II) AUTHORIZING USE OF CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTIONS, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING**

TO THE HONORABLE RONALD B. KING,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., Acting United States Trustee for Region 7 ("UST"), and objects to Debtor's Motion Seeking Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protections, (V)

1

Modifying Automatic Stay, (VI) Granting Related Relief, and (VII) Scheduling a Final Hearing.

The primary purpose of this chapter 11 bankruptcy case is to pay the pre-petition debt of Second Avenue Capital Partners, LLC ("Second Avenue"). Second Avenue entered this case with a purported $6 million claim. It expects to be fully paid with interest and attorney's fees. Based on current projections, however, this case may be administratively insolvent. Not only might the debtor not have funds to pay unsecured creditors in this case, it may not have sufficient cash to cover the costs of administration.

Under these circumstances, the Court should look very closely at the cost and the terms of the proposed financing. For example, the debtor did not need a $10 million line of credit, it needed to borrow, at most, perhaps $1 million to $1.5 million. Because the $200,000 closing fee is based on an inflated $10 million loan request, the cost is out of proportion with the true borrowing need.

Given the facts of this case, this is also not a case where the Court should allow every "bell and whistle" to Second Avenue, which needed to lend this money to collect on its pre-petition debt. The Court should deny the Financing Motion unless Second Avenue agrees to the changes discussed below.

In support of this objection, the UST respectfully shows the Court the following:

**Factual Background**

1. A'GACI, LLC filed its first chapter 11 bankruptcy case on January 9, 2018. The Court entered an order confirming its plan of reorganization on July 27, 2018. The Court entered a final decree on April 15, 2019.

2. The debtor was unable to perform under its reorganization plan and filed a

second chapter 11 bankruptcy case on August 7, 2019. The debtor announced that it plans to close its remaining locations and complete going-out-of-business sales by the end of August 2019. In support of this plan, the debtor has filed a motion to reject all 55 of its store leases as of August 30, 2019. Docket No. 58.

3. As of the filing case, the debtor purportedly owed approximately $6 million dollars to Second Avenue. On the first day of the case, the debtor filed a motion seeking interim and final approval for post-petition financing and use of cash collateral (the "Financing Motion"). In the Financing Motion, the debtor sought approval to borrow up to $10 million in post-petition financing from Second Avenue to conduct the going-out-of-business sales and fulfill its obligations in chapter 11.[1] The Financing Motion seeks approval to pay Second Avenue's pre-petition debt before paying its post-petition loan and to convert the pre-petition debt to a post-petition debt upon final approval. The Court approved the Financing Motion on an interim basis (the "Interim Financing Order"). Docket No. 29. The Court set a final hearing for August 28, 2019.

4. The debtor attached a budget to the Interim Financing Order. The budget included all projected revenues and expenses on a weekly basis through August 30 and then composite projections "post-sale" for the remainder of the case. The projections show that the debtor expects to pay Second Avenue in full on its pre-petition debt, post-petition debt, and attorney's fees, leaving $260,000 after costs of administration.

5. The budget, however, is misleading. The UST is informed that the projections do not include payment of any post-petition sales taxes, which based on the

---

[1] The Financing Motion and proposed order often refer to three entities, the "DIP Agent," the "DIP Lenders," and the "Prepetition Lenders." For clarification purposes, the UST notes that all three are the same entity, Second Avenue.

3

projected $13.5 million in sales could be in the $1 million range. Instead, the UST is informed that sales taxes appearing as payments in the budget represent pre-petition amounts owed. Second, the budget does not include any payments to vendors under section 503(b)(9) of the Bankruptcy Code. Section 503(b))(9) provides sellers of goods with an administrative expense for any goods received by the debtor within 20 days of the filing of the case. The UST is informed that those 503(b)(9) claims are likely in the $1 million range. If the debtor is unable to pay those claims, this case will be administratively insolvent.

6. Based on these numbers (which calculate to an approximate $1.7 million deficit before considering any remaining assets), the case appears to be administratively insolvent. If that is the case, Second Avenue will recover $6 million on its pre-petition claim during this case, while general unsecured creditors will receive nothing and other administrative claimants receive less than full payment.

## Objections

7. **The Fees are too high:** The lender offers to provide a $10 million revolving loan and charges a fee of $200,000 for this loan. But the debtor had no need to borrow $10 million. Instead, the $10 million figure is used to artificially provide a bigger base on which to calculate Second Avenue's fee for its loan.

8. According to the budget, the debtor borrows the following sums:

| Forecast Week | 1 | 2 | 3 | 4 | | |
|---|---|---|---|---|---|---|
| Retail Week | 27 | 28 | 29 | 30 | Total | Post |
| Week Ending | 8/9/2019 | 8/16/2019 | 8/23/2019 | 8/30/2019 | Through | Sale |
| ($ in 000s) | Forecast | Forecast | Forecast | Forecast | Sale | |
| **Debt Schedules** | | | | | | |
| **DIP Loan** | | | | | | |
| Beginning DIP Loan Balance | 6,019 | 5,395 | 3,176 | 223 | 6,019 | (1,298) |
| Less: Collections | (1,851) | (3,772) | (3,882) | (4,027) | (13,533) | (1,620) |
| Plus: Interest and Fees | 219 | 9 | 5 | 2 | 234 | - |
| Plus: Net Funding Request | 1,008 | 1,544 | 925 | 2,505 | 5,982 | 2,658 |
| **Ending DIP Loan Balance** | 5,395 | 3,176 | 223 | (1,298) | (1,298) | (260) |

4

9. The budget shows total borrowing of $5,982,000 through the sale and $2,658,000 after the sale. But the budget also shows that Second Avenue is actually paid in full at the end of sale (and actually overpaid by more than $1.2 million).

10. Assuming the Court allowed Second Avenue to apply debt payments first to its pre-petition debt, by the end of the third week, the amount outstanding on the post–petition debt loan is only $223,000. At this point, Second Avenue has lent the debtor a total of $3,477,000. When Second Avenue then loans $2,505,000 the week of August 3, the balance of the debt does not exceed $3,477,000. Likewise, because the debtor has paid off the debt as of the close of the sale, any amount the debtor borrows post- sale will never exceed $3.5 million. Thus, at most the debtor needed to borrow $3.5 million.

11. If, on the other hand, the Court requires Second Avenue to apply any collections to its post-petition debt first, then the amount of the post-petition financing needed was much smaller. Because collections each week far outpaced the alleged net funding needs, the debtor never needed to borrow more than approximately $1 million to perhaps $1.5 million to fund this case.

12. Second Avenue requests a closing fee of $200,000 for an alleged $10 million borrowing line. Applying the same percentage (2%) to a $1 million to $1.5 million loan, the appropriate closing fee for this loan would be $20,000 to 30,000. The Court should only approve the Financing Motion if the Closing Fee is reduced accordingly.

13. **The Court should not allow the Unused Line fee.** Second Avenue seeks to charge the debtor for an unused line fee. Second Avenue overstates the amount of the credit line needed, which artificially increases this fee. The Court should not allow Second Avenue to collect this fee.

**14. The Court should not allow Second Avenue to apply payments to the pre-petition debt before the post-petition debt or convert its pre-petition debt to post-petition debt (the "Roll-Up").** Both the pre-petition debt and the post-petition debt accrue interest at the same rate. However, paying the pre-petition debt first allows Second Avenue to inflate artificially the amount of the necessary post-petition financing, for the benefit of Second Avenue and to the detriment of all other stakeholders in this case. The court should not approve the Financing Motion with this provision.

**15.** The request for a "roll-up" is likely a non-issue. If, indeed, the sales went according to budget, then the debtor will have paid off the pre-petition and post-petition loans by the time of the final hearing. However, if there is a shortfall, the Court should not elevate the pre-petition secured debt to post-petition status. As the Court's Comments to Cash Collateral and DIP Financing Checklist in the Local Rules provide, "Liens granted in the cash collateral and DIP financing orders may not secure prepetition debts. Financing orders should not be used to elevate a pre-petition lender's collateral inadequacy to a fully secured status. " L.R. Appendix L.-1020.1, Exhibit J, Comments to Cash Collateral and DIP Financing Checklist 3(a).

16. **Avoidance actions:** Second Avenue seeks a lien on all avoidance actions. Those avoidance actions were not pre-petition collateral of Second Avenue. Given the state of the case, the avoidance actions may be the only means to recover assets to pay creditors in this case. *See also* L.R. Appendix L.-1020.1, Exhibit J, Comments to Cash Collateral and DIP Financing Checklist 3(b) ("Avoidance actions in the event of a conversion to chapter 7 may be the only assets available to fund the trustee's discharge of his or her statutory duties."). The Court should not permit Second Avenue to take a lien

in these actions.

17.     **Indemnification Fund**: Second Avenue Partners seeks to require the debtor to set aside a $500,000 indemnification fund. Because those funds would come from Second Avenue, the debtor would have to pay interest for the borrowed money to set up that fund. The Financing Motion dos not explain why this fund is appropriate or necessary. The Court should not approve this term as part of the post-petition financing.

18.     **Surcharge:** The proposed order provides that the court may not surcharge Second Avenue's collateral under 11 U.S.C. § 506(c). As the Court has stated in its Comments to Cash Collateral and DIP Financing Checklist attached to its Local Rules, limitations on the surcharge of a lender's collateral are disfavored. The Court accurately states that since "the burden to surcharge requires a showing of direct benefit to the lender's collateral, lenders are not unreasonably exposed to surcharges of their collateral." L.R. Appendix L.-1020.1, Exhibit J, Comments to Cash Collateral and DIP Financing Checklist 3(c). Moreover, only the debtor-in-possession or a chapter 7 trustee can recover under 11 U.S.C. § 506(c). *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.* 120 S. Ct 1942 (2000). The Court should not approve this provision.

WHEREFORE, upon the premises considered, the UST respectfully requests that the Court deny approval of the Financing Motion unless the debtor and Second Avenue agree to change the terms of any final order as set forth above and for such other and further relief to which it may be entitled.

Respectfully submitted,

HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7


By: /s/ Kevin M. Epstein
   KEVIN M. EPSTEIN
   Trial Attorney
   Texas Bar No. 00790647
   615 E. Houston St., Room 533
   San Antonio, TX 78205
   (210) 472-4640
   (210) 472-4649 Fax
   E-mail: Kevin.M.Epstein@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Objection has been served on all the parties on the attached Service List either electronically through the Court's CM/ECF system or by first class mail on this the 23rd day of August, 2019.

      /s/ Kevin M. Epstein
      Kevin M. Epstein
      Trial Attorney

| Debtors<br>A'GACI L.L.C.<br>4958 Stout Dr.<br>Ste. 113<br>San Antonio TX 78219-4400 | Top 20 Unsecured Creditor<br>Almost Famous<br>Attn: Marc Wasserman, CFO<br>270 West 38th Street<br>19th Floor<br>New York NY 10018 | Top 20 Unsecured Creditor<br>Ambiance Apparel<br>Attn: President or General Counsel<br>2415 E. 15th Street<br>Los Angeles CA 90021 |
|---|---|---|
| Secured Creditor<br>Apple Financial Services by De Lage Landen Financial Services<br>Attn: President or General Counsel<br>PO BOX 41602<br>Philadelphia PA 19101-1602 | Counsel to EklecCo NewCo LLC<br>Barclay Damon, LLP<br>Attn: Kevin M. Newman<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse NY 13202 | Counsel to Brookfield Property REIT, Inc.<br>Brookfield Property REIT, Inc.<br>Attn: Kristen N. Pate<br>350 N. Orleans Street<br>Suite 300<br>Chicago IL 60654-1607 |
| State of California Consumer Information Division<br>California Department of Consumer Affairs<br>Attention Bankruptcy Dept<br>1625 N. Market Blvd., Suite N 112<br>Sacramento CA 95834 | Counsel to the DIP Agent and the Prepetition Agent<br>Choate, Hall & Stewart LLP<br>Attn: John F. Ventola<br>Two International Place<br>Boston MA 02110 | Top 20 Unsecured Creditor<br>Chocolate U.S.A.<br>Attn: President or General Counsel<br>1150 Crocker St.<br>Los Angeles CA 90021 |
| Secured Creditor<br>Cisco Capital Systems<br>Attn: President or General Counsel<br>PO Box 41602<br>Philadelphia PA 19101 | Commonwealth of Puerto Rico<br>Attention Bankruptcy Dept<br>Apartado 9020192<br>San Juan PR 00902-0192 | Secured Creditor<br>Dahill Industries<br>Attn: President or General Counsel<br>P.O. Box 205354<br>Dallas TX 75320-5354 |
| Top 20 Unsecured Creditor<br>Deerbrook Mall, LLC<br>c/o Brookfield Properties<br>Attn: Stacie L. Herron, General Counsel<br>350 N. Orleans St., Ste 300<br>Chicago IL 60654-1607 | Top 20 Unsecured Creditor<br>Dolphin Mall Associates, LLC<br>c/o Taubman<br>200 E. Long Lake Rd.<br>Ste. 300<br>Bloomfield Hills MI 48304 | Counsel to SB360 Capital Partners, LLC and Hilco Merchant Resources<br>Dykema Gossett PLLC<br>Patrick L. Huffstickler<br>112 E. Pecan Street<br>Suite 1800<br>San Antonio TX 78205 |
| State of Florida Consumer Protection Division<br>Florida Office of the Attorney General<br>Attention Bankruptcy Dept<br>PL-01 The Capitol<br>Tallahassee FL 32399-1050 | Counsel to Washington Prime Group<br>Frost Brown Todd LLC<br>Ronald E. Gold & A.J. Webb<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati OH 45202 | Top 20 Unsecured Creditor<br>Haynes & Boone, LLP<br>Attn: Stacy L. Brainin, General Counsel<br>P.O. Box 841399<br>Dallas TX 75284-1399 |
| State of Illinois Consumer Fraud Bureau<br>Illinois Office of the Attorney General -Chicago<br>Attention Bankruptcy Dept<br>100 W. Randolph St.<br>Chicago IL 60601 | Internal Revenue Service<br>Centralized Insolvency Operation<br>2970 Market St<br>Philadelphia PA 19104-5016 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| Counsel to MXLI, LLC<br>Jack O'Boyle & Associates<br>Attn: Jack O'Boyle<br>P.O. Box 815369<br>Dallas TX 75381 | Counsel to Brookfield Property REIT, Inc.<br>Kelley Drye & Warren LLP<br>Attn: Robert L. LeHane<br>101 Park Avenue<br>New York NY 10178 | Top 20 Unsecured Creditor<br>Kurtzman Carson Consultants LLC<br>Attn: Drake Foster, General Counsel<br>75 Rowland Way #250<br>Novato CA 94945 |
| Counsel to Debtor<br>Law Offices of William B. Kingman, PC<br>Attn: Eric Terry<br>3511 Broadway<br>San Antonio TX 78209 | Counsel to Project 28 Clothing LLC<br>Lazarus & Lazarus, P.C.<br>Attn: Harlan M. Lazarus<br>240 Madison Avenue<br>8th Floor<br>New York NY 10016 | Counsel to Bexar County<br>Linebarger Goggan Blair & Sampson, LLP<br>Attn: Don Stecker<br>711 Navarro Street<br>Ste 300<br>San Antonio TX 78205 |
| Counsel to Smith County, Tarrant County and Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>Attn: Elizabeth Weller<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas TX 75207 | Counsel to Cameron County, Hidalgo County, City of McAllen and San Marcos CISD<br>Linebarger Goggan Blair & Sampson, LLP<br>Attn: Diane W. Sanders<br>PO Box 17428<br>Austin TX 78760-7428 | Counsel to Cypress-Fairbanks ISD, Fort Bend County and Harris County<br>Linebarger Goggan Blair & Sampson, LLP<br>Attn: John P. Dillman<br>PO Box 3064<br>Houston TX 77253-3064 |

| | | |
|---|---|---|
| Top 20 Unsecured Creditor<br>Love Letter Collection J & K Clothing Inc. dba Love Letter Coll<br>Attn: President or General Counsel<br>755 E. 12th Street<br>Los Angeles CA 90021 | Top 20 Unsecured Creditor<br>Love Note dba Skylar Rose<br>Attn: President or General Counsel<br>3015 S. Alameda St.<br>Los Angeles CA 90058 | Top 20 Unsecured Creditor<br>Macerich South Plains LP<br>c/o Macerich<br>401 Wilshire Blvd.<br>Ste. 700<br>Santa Monica CA 90401 |
| Interested Party<br>Montgomery McCracken<br>Maura Russell<br>437 Madison Avenue<br>New York NY 10022 | Top 20 Unsecured Creditor<br>Mythics Inc.<br>Attn: Rick Welborn, CFO<br>4525 Main Street<br>Ste. 1500<br>Virginia Beach VA 23462 | State of Nevada Consumer Protection Division<br>Nevada Department of Business and Industry<br>Attention Bankruptcy Dept<br>Fight Fraud Task Force<br>555 E. Washington Ave.<br>Las Vegas NV 89101 |
| Top 20 Unsecured Creditor<br>North Star Mall, LLC<br>c/o Brookfield Properties<br>Attn: President or General Counsel<br>350 N. Orleans St., Ste 300<br>Chicago IL 60654-1607 | Top 20 Unsecured Creditor<br>Nylon Apparel Inc.<br>Attn: President or General Counsel<br>777 E. 12th St. #1-16<br>Los Angeles CA 90021 | State of Minnesota Consumer Services Division<br>Office of the Attorney General<br>Attention Bankruptcy Dept<br>1400 Bremer Tower<br>445 Minnesota St.<br>St. Paul MN 55101 |
| Office of the United States Trustee<br>Attn: Kevin M Epstein<br>615 E. Houston<br>Suite 533<br>San Antonio TX 78205 | Office of the US Attorney General<br>Attn: Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington DC 20530 | Counsel to LCG Stout Drive, LLC<br>Palter Sims Martinez PLLC<br>Attn: Kimberly M.J. Sims<br>8115 Preston Road<br>Suite 600<br>Dallas TX 75225 |
| Top 20 Unsecured Creditor<br>Parks at Arlington, LLC<br>Attn: President or General Counsel<br>350 N. Orleans St.<br>Ste. 300<br>Chicago IL 60654-1607 | Counsel to Lubbock Central Appraisal District Midland County<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>Attn: Laura J. Monroe<br>P.O. Box 817<br>Lubbock TX 79408 | Counsel to Tyler Independent School District<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>Attn: Tab Beall<br>PO Box 2007<br>Tyler TX 75710-2007 |
| Counsel to Arlington ISD, Crowley ISD, City of Grapevine, Grapevine-Colleyville ISD<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>Attn: Eboney Cobb<br>500 E. Border Street<br>Suite 640<br>Arlington TX 76010 | Counsel to Maverick County<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>Attn: Carlos M. Arce<br>613 NW Loop 400<br>Suite 550<br>San Antonio TX 78216 | Counsel to Alief Independent School District, Humbled Independent School District, City of Houston, City of Katy, Katy Management District #1, Brazoria County Tax Office<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>Attn: Owen M. Sonik<br>1235 North Loop West<br>Suite 600<br>Houston TX 77008 |
| Claims Agent<br>Prime Clerk LLC<br>Attn: Richard M. Allen<br>60 E 42nd Street<br>Ste. 1440<br>New York NY 10165 | Counsel to Second Avenue Capital Partners, LLC<br>Second Avenue Capital Partners, LLC<br>Choate, Hall & Stewart LLP<br>Attn: John F. Ventola & Jonathan D. Marshall<br>Two International Place<br>Boston MA 02110 | Counsel to Second Avenue Capital Partners, LLC<br>Second Avenue Capital Partners, LLC<br>Jackson Walker LLP<br>Attn: J. Scott Rose<br>112 E. Pecan Street, Suite 2400<br>San Antonio TX 78205 |
| Counsel to Second Avenue Capital Partners, LLC<br>Second Avenue Capital Partners, LLC<br>Jackson Walker LLP<br>Attn: Jennifer F. Wertz<br>100 Congress, Suite 1100<br>Austin TX 78701 | Counsel to Second Avenue Capital Partners, LLC<br>Second Avenue Capital Partners, LLC<br>Jackson Walker LLP<br>Attn: Vienna F. Anaya<br>2323 Ross Avenue, Suite 600<br>Dallas TX 75201 | Secured Creditor<br>Second Avenue Capital Partners, LLC<br>Mark Gallivan<br>75 Second Avenue<br>Suite 550<br>Needham MA 02494 |
| Securities & Exchange Commission<br>Attn Bankruptcy Department<br>100 F St NE<br>Washington DC 20549 | Securities & Exchange Commission - Fort Worth Office<br>Attn Bankruptcy Department<br>Burnett Plaza<br>801 Cherry St Ste 1900 Unit 18<br>Fort Worth TX 76102 | Securities & Exchange Commission - NY Office<br>Attn Bankruptcy Department<br>Brookfield Place<br>200 Vesey Street Ste 400<br>New York NY 10281-1022 |
| Interested Party<br>Sierra Constellation Partners<br>Roger Gorog<br>700 MILAM, SUITE 1300<br>THE PENNZOIL BUILDING, NORTH TOWER<br>Houston TX 77002 | Top 20 Unsecured Creditor<br>Simon Property Group (TX), LP<br>Attn: Ronald M. Tucker, Esq.<br>225 West Washington St.<br>Indianapolis IN 46204-3438 | Top 20 Unsecured Creditor<br>SSG Advisors LLC<br>Attn: Teresa C. Kohl and J. Scott Victor<br>300 Barr Harbor Drive<br>Five Tower Bridge, Suite 420<br>Conshohocken PA 19428 |

| | | |
|---|---|---|
| State of California Attorney General<br>Attention Bankruptcy Dept<br>P.O. Box 944255<br>Sacramento CA 94244-2550 | State of Florida Attorney General<br>Attention Bankruptcy Dept<br>The Capitol, PL 01<br>Tallahassee FL 32399-1050 | State of Illinois Attorney General<br>Attention Bankruptcy Dept<br>100 West Randolph Street<br>Chicago IL 60601 |
| State of Minnesota Attorney General<br>Attention Bankruptcy Dept<br>1400 Bremer Tower<br>445 Minnesota Street<br>St. Paul MN 55101-2131 | State of Nevada Attorney General<br>Attention Bankruptcy Dept<br>100 North Carson Street<br>Carson City NV 89701 | State of Tennessee Attorney General<br>Attention Bankruptcy Dept<br>P.O. Box 20207<br>Nashville TN 37202-0207 |
| State of Texas Attorney General<br>Attention Bankruptcy Dept<br>Capitol Station<br>PO Box 12548<br>Austin TX 78711-2548 | Top 20 Unsecured Creditor<br>Sunrise Mills (MLP), LP<br>Attn: President or General Counsel<br>225 West Washington St.<br>Indianapolis IN 46204-3438 | Counsel to Taubman Landlords<br>Taubman Landlords<br>Attn: Andrew S. Conway, Esq.<br>200 East Long Lake Road<br>Suite 300<br>Bloomfield Hills MI 48304 |
| Secured Creditor<br>TCF Equipment Finance<br>Attn: President or General Counsel<br>11100 Wayzata Blvd<br>Ste 801<br>Minnetonka MN 55305 | Secured Creditor<br>Tejas Software<br>Attn: President or General Counsel<br>7600 E Arapahoe Rd<br>Ste 303<br>Centennial CO 80112 | State of Tennessee Consumer Affairs Division<br>Tennessee Department of Commerce and Insurance<br>Attention Bankruptcy Dept<br>500 James Robertson Pkwy., 12th Floor<br>Nashville TN 37243-0600 |
| Texas Attorney General<br>Civil Division<br>PO Box 12548<br>Austin TX 78711-2548 | Texas Comptroller of Public Accounts<br>Revenue Accounting Division - Bankruptcy Section<br>PO Box 13528 Capitol Station<br>Austin TX 78711 | State of Texas Consumer Protection Division<br>Texas Office of the Attorney General<br>Attention Bankruptcy Dept<br>PO Box 12548<br>Austin TX 78711-2548 |
| Texas Secretary of State<br>Attn Bankruptcy Department<br>PO Box 12079<br>Austin TX 78711-2079 | Counsel to The Comptroller of Public Accounts of the State of Texas<br>The Comptroller of Public Accounts of the State of Texas<br>Bankruptcy & Collections Division MC 008<br>Attn: Christopher S. Murphy<br>P.O. Box 12548<br>Austin TX 78711-2548 | US Attorney for the Western District of Texas<br>Attn Bankruptcy Department<br>816 Congress Avenue<br>Suite 1000<br>Austin TX 78701 |
| Secured Creditor<br>Vonage Business Inc<br>Attn: President or General Counsel<br>PO BOX 392415<br>Pittsburgh PA 15251-9415 | Top 20 Unsecured Creditor<br>Wax Jean<br>Attn: President or General Counsel<br>2415 E. 15th Street<br>Los Angeles CA 90021 | Top 20 Unsecured Creditor<br>Willowbrook Mall (TX), LLC<br>Attn: President or General Counsel<br>350 N. Orleans St.<br>Ste. 300<br>Chicago IL 60654-1607 |
| Top 20 Unsecured Creditor<br>YMI Jeanswear Inc.<br>Attn: President or General Counsel<br>1155 S. Boyle Avenue<br>Los Angeles CA 90023 | | |