# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| In re:<br><br>A'GACI, L.L.C.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 19-51919<br><br>Honorable Ronald B. King |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO ASSUME THE CONSULTING AGREEMENT; (II) APPROVING PROCEDURES FOR STORE CLOSING SALES; (III) APPROVING THE SALE OF STORE CLOSURE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (IV) WAIVING COMPLIANCE WITH APPLICABLE LEASES AND STATE LAWS AND APPROVING DISPUTE RESOLUTION PROCEDURES; AND (V) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of A'GACI, L.L.C. (the "Debtor"), by and through its undersigned proposed counsel, submits this objection (the "Objection") to the Debtor's motion (the "Motion") (ECF No. 4) for entry of an order authorizing the Debtor to assume the Consulting Agreement[1] and approving procedures for store closing sales. In support of this Objection, the Committee states as follows:

## PRELIMINARY STATEMENT

The Committee objects to the Motion because the proposed arrangement with the Consultant constitutes a windfall to the Consultant and Second Avenue Capital Partners, LLC ("Second Avenue"), the Debtor's pre-petition lender and proposed DIP lender, who is an affiliate of SB360, one of the joint venture partners making up the Consultant.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

In particular, the Debtor proposes to pay Second Avenue's affiliate hundreds of thousands of dollars to liquidate Second Avenue's own collateral while, at the same time, proposing to grant Second Avenue a section 506(c) surcharge waiver in connection with the proposed post-petition financing arrangement.[2] In essence, Second Avenue not only seeks to be paid for the privilege of liquidating its own collateral, it wants the Debtor's estate to waive the claim it is entitled to under the Bankruptcy Code to recoup those costs.

Making matters worse, the proposed Consulting Agreement includes an extravagant budget for the Consultant's expenses for personnel which is disproportionate to expense budgets in similar cases cited by the Debtor. Finally, the Consultant's fee is not tied to any particular recovery percentage and does not deduct reimbursed expenses from the gross sales prior to calculating its fee.

For these reasons, the Committee requests that the Court deny the Motion unless and until the Debtor and the Consultant agree to restructure the Consulting Agreement to appropriately share costs and expenses among the Debtor's estate, the Consultant, and Second Avenue.

## **OBJECTIONS**

### I. The Consulting Agreement Allows the Consultant to Charge the Estate to Liquidate its Affiliate's Collateral

The Motion discloses that SB360, one of the joint venture partners making up the Consultant, is actually an affiliate of Second Avenue, the Debtor's pre-petition secured lender and proposed DIP lender. (Motion at p. 2.) It does not disclose the specifics or extent of the relationship, however. Because of the potential issues relating to disinterestedness of the

---

[2] Contemporaneously with this Objection, the Committee is also filing an objection to several onerous and overreaching terms of the proposed post-petition DIP loan.

Consultant, lack of fulsome disclosure of the relationship and the Consultant's rights and duties, the Committee believes the Debtors should move to employ the Consultant under section 327 of the Bankruptcy Code and compensate the Consultant in accordance with section 330.

Given the relationship between the Consultant and Second Avenue, moreover, the Consulting Agreement should be subject to heightened scrutiny. Yet, the Motion does not state whether the Debtor even considered any other potential consultants before hiring Second Avenue's affiliate. The Motion also states that the Debtor engaged in arm's length negotiations over the terms of the Consulting Agreement (Motion ¶ 24), but does not explain which terms were subject to the negotiations and what, if any, concessions the Consultant made as a result of such negotiations. The Debtor should be required to disclose its efforts to locate an appropriate consultant, the terms of any proposals it received, and the subject of any negotiations with consultants.

Further concerning is that the Consulting Agreement effectively *pays* Second Avenue, through its affiliate, to liquidate its own collateral. The Debtor proposes to pay the Consultant a base fee of at least 1% of Gross Sales and up to 1.5% of Gross Sales if a certain recovery threshold is met,[3] as well as reimbursement nearly $500,000 of "Consultant Controlled Expenses".

This structure is entirely inappropriate. Under the Bankruptcy Code, it is the *Debtor* who has the right to charge its lender for the expenses of liquidating its collateral pursuant to section 506(c) of the Bankruptcy Code. Instead, Second Avenue and SB360 are effectively double-dipping from the Debtor's estate to the detriment of the Debtor's other creditors. The Consulting Agreement should not be approved in its present form.

---

[3] The Debtor agreed to reduce the Gross Retail Recovery Threshold from 64% to 60.5% from the original agreement.

## II. The Consultant Controlled Expenses Are Excessive Under the Circumstances

The proposed Consultant Controlled Expenses are also excessive under the circumstances and should be substantially reduced or eliminated. The Debtor proposes to reimburse the Consultant up to $474,567 for Consultant's expenses in connection with the going-out-of-business sales, summarized as follows:

| Expense | Budgeted Amount |
|---|---|
| Personnel (10 people) | $279,684 |
| Interior Signage | $124,883 |
| Social Media Advertisement | $50,000 |
| Legal | $5,000 |
| Corporate Travel | $15,000 |
| **Total:** | **$474,567** |

Notably, the Debtor seeks to pay the Consultant nearly $280,000 for ten supervisors over a four-week sale term. These expenses are significantly higher than the budgeted fees in similar cases as demonstrated below:

| Debtor | Budget | Stores | Weeks | Per Store/ Per Week |
|---|---|---|---|---|
| BCBG[4] | $840,780.00 | 120 | 12 | $583.88 |
| rue21, inc.[5] | $807,294.00 | 396 | 10.4 | $196.02 |
| Sports Authority[6] | $2,092,021.00 | 200 | 15 | $697.34 |
| Aeropostale, Inc.[7] | $299,000.00 | 113 | 6 | $441.00 |
| Radioshack[8] | $2,642,484.00 | 1784 | 8 | $185.15 |
| **A'GACI, L.L.C.** | **$279,684.00** | **54** | **4** | **$1,294.83** |

*See* Motion ¶ 26. Accordingly, the Committee objects to the reimbursement of the Consultant Controlled Expenses relating to personnel as excessive and inconsistent with budgets approved in similar cases.

---

[4] ECF No. 15, 17-10466 (Bankr. S.D.N.Y.)
[5] ECF No. 507, 17-22045 (W.D. Pa.)
[6] ECF No. 15, 16-10527 (Bankr. D. Del.)
[7] ECF No. 10, 16-11275 (Bankr. S.D.N.Y.)
[8] ECF No. 455, 15-10197 (Bankr. D. Del.)

### III. The Consultant's Fee Should Be Calculated After Deduction of the Consultant Controlled Expenses

Finally, the Committee objects to the calculation of the Consultant's fee based on "Gross Sales"[9] without first deducting the Consultant Controlled Expenses from that amount. The Consultant's fee is not tied to any particular recovery percentage, as many similar agreements are structured. *See e.g. In re Aeropostale, Inc.*, ECF No. 10, 16-11275 (Bankr. D. Del.) (consultant's fee ranged from 0%-0.75% based on percentage recovery of cost value of inventory); *In re Sports Authority Holdings, Inc.*, ECF No. 1700, 16-10527 (Bankr. D. Del.) (consultant's fee on first quality merchandise based on percentage recovery of cost value of inventory).

In order to better align the parties' incentives and protect the Debtor's estate from a potentially overzealous Consultant whose interests may align more closely with Second Avenue, the Consultant should be required to deduct all Consultant Controlled Expenses which are reimbursed from the Debtor's estate from the Gross Sales figure prior to calculating the fee it is owed. *See e.g. In re BCGB Max Azria Global Holdings, LLC*, ECF No. 15, 17-10466 (Bankr. S.D.N.Y.) (agent's fee calculated from "Net Proceeds" which were gross sale process less taxes and actual expenses incurred pursuant to budget).

#### CONCLUSION

Based on the foregoing, the Committee requests that the Court enter an order denying the Motion unless and until the Debtor and the Consultant agree to restructure the Consulting Agreement to appropriately share costs and expenses among the Debtor's estate, the Consultant, and Second Avenue.

---

[9] The Consulting Agreement's definition of Gross Sales is all sale proceeds excluding only sales, excise, or gross receipts taxes.

Dated: August 26, 2019　　　　**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
　　　One of Its Proposed Attorneys

Shelly A. DeRousse (Ill. Bar No. 6274798)
Devon J. Eggert (Ill. Bar No. 6289425)
Elizabeth L. Janczak (Ill. Bar No. 6302864)
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:　　312.360.6000
Fax:　　312.360.6520
Email:　sderousse@freeborn.com
　　　　deggert@freeborn.com
　　　　ejanczak@freeborn.com

*Proposed Counsel for Official Committee of Unsecured Creditors of A'GACI, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the parties on the attached list either electronically through the Court's CM/ECF system or by first class mail on the 26th day of August, 2019.

By First Class Mail:

A'gaci, L.L.C.
4958 Stout Dr. Suite 113
San Antonio, TX 78219 4400

Jonathan D. Marshall
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

John F. Ventola
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

By Electronic Means as listed on the Court's ECF Noticing System:

Carlos M Arce
8626 Tesoro Dr., Suite 816
San Antonio, TX 78712
carce@pbfcm.com

Tab Beall
P.O. Box 2007
Tyler, TX 75710
tbeall@pbfcm.com, tylbkc@pbfcm.com;tbeall@ecf.inforuptcy.com

Eboney Delane Cobb
500 E. Border St., suite 640
Arlington, TX 76010
ecobb@pbfcm.com, rgleason@pbfcm.com

Andrew S Conway
200 East Long Lake Rd., Suite 30
Bloomfield Hills, MI 48304
aconway@taubman.com, mrumpl@taubman.com

John P. Dillman
P.O. Box 3064
Houston, TX 77253
houston_bankruptcy@publicans.com

Ronald Eric Gold
201 East Fifth Street
Cincinnati, OH 45202-4182
rgold@fbtlaw.com, eseverini@fbtlaw.com;awebb@fbtlaw.com

Patrick L. Huffstickler
711 Navarro, Suite 300
San Antonio, TX 78205
phuffstickler@dykema.com, mlongoria@dykema.com;docketsat@dykema.com

Harlan Mitchell Lazarus
240 Madison Avenue, 8th Floor
New York, NY 10016
Hlazarus@lazarusandlazarus.com, harlan.lazarus@gmail.com

Tara LeDay
P.O. Box 1269
Round Rock, TX 78680-1269
tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com;
ccain@mvbalaw.com;vcovington@mvbalaw.com;bankruptcy@mvbalaw.com;j
williams@mvbalaw.com;alocklin@mvbalaw.com

Robert L. LeHane
101 Park Avenue
New York, NY 10178
kdwbankruptcydepartment@kelleydrye.com;
MVicinanza@ecf.inforuptcy.com

Laura J. Monroe
P.O. Box 817
Lubbock, TX 79408-0817
lmbkr@pbfcm.com, krobertson@ecf.inforuptcy.com

Kevin M Newman
125 East Jefferson Street
Syracuse, NY 13202
knewman@barclaydamon.com, kmnbk@barclaydamon.com

Jack O'Boyle
P.O. Box 815369
Dallas, TX 75381
txwb@jackoboyle.com, travis@jackoboyle.com

Diane W. Sanders
P.O. Box 17428
Austin, TX 78760
austin.bankruptcy@publicans.com

Kimberly Marie Johnson Sims
8115 Preston Rd., Suite 600
Dallas, TX 75225
ksims@palterlaw.com, kburkhart@palterlaw.com

Owen M Sonik
1235 North Loop West, Suite 600
Houston, TX 77008
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com

Donald P. Stecker
711 Navarro, Suite 300
San Antonio, TX 78205
don.stecker@lgbs.com

Benjamin Joseph Steele
60 East 42nd St., Suite 1440
New York, NY 10165
ecf@primeclerk.com

Eric Terry
3511 Broadway
San Antonio, TX 78209
eric@ericterrylaw.com

Ronald M. Tucker
225 West Washington St.
Indianapolis, IN 46204
rtucker@simon.com,
cmartin@simon.com,bankruptcy@simon.com,antimm@simon.com,jvalentin@simon.com

United States Trustee - SA12
P.O. Box 1539
San Antonio, TX 78295-1539
USTPRegion07.SN.ECF@usdoj.gov

Melissa Emily Valdez
1235 North Loop West, Suite 600
Houston, TX 77008
mvaldez@pbfcm.com,
tpope@pbfcm.com;osonik@pbfcm.com;mvaldez@ecf.courtdrive.com

H. Elizabeth Weller
2777 N. Stemmons Frwy., Suite 1000
Dallas, TX 75207
bethw@publicans.com

Jennifer Francine Wertz
100 Congress Ave., Suite 1100
Austin, TX 78701
jwertz@jw.com, kgradney@jw.com

                /s/ Elizabeth L. Janczak
                Elizabeth L. Janczak