**The relief described hereinbelow is SO ORDERED.**

**Signed October 07, 2019.**



_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-51919-RBK |
| A'GACI, L.L.C., | § | |
| | § | CHAPTER 11 PROCEEDING |
| Debtor | § | |

**ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE SALE OF CERTAIN INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order, pursuant to pursuant to 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Sale of the Intellectual Property on an "as is, where is" basis, free and clear of all liens, claims, encumbrances, and interests, to the purchaser (the "Purchaser") identified in the Bill of Sale annexed hereto as **Exhibit 1** and (ii) granting related relief; and this Court having determined that

---

[1] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the entire record in this chapter 11 case; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue of this chapter 11 case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory bases for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

D.      Due and adequate notice of the Motion, the proposed Sale, the Sale Hearing, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E.      The relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

F.      Intellectual Property does not include the Debtor's customer lists.  The Debtor is not selling its customer lists.

G.      The Sale was negotiated and proposed in good faith, from arm's-length bargaining positions, and without collusion. The Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtor nor

the Purchaser has engaged in any conduct that would cause or permit the sale of the Intellectual Property to the Purchaser to be avoided under section 363(n) of the Bankruptcy Code.

H.    The consideration provided by the Purchaser to the Debtor for the Intellectual Property (i) is fair and reasonable, (ii) is the highest or best offer for the Intellectual Property, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

I.    The Debtor is authorized to sell the Intellectual Property to the Purchaser free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever, with such liens, claims, interests, and encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Intellectual Property immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)–(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims, interests, and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests, and encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Intellectual Property.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

3.    Pursuant to sections 105 and 363 of the Bankruptcy Code and the terms of the Bill of Sale annexed hereto as **Exhibit 1**, the Debtor is hereby authorized to sell, transfer, and convey the

Intellectual Property to the Purchaser.

4.     The Intellectual Property sold pursuant to the Purchase Agreement to the Purchaser is being sold "AS IS-WHERE IS," without any representations or warranties from the Debtor as to the quality or fitness of such assets for either their intended or any other purposes.

5.     The Intellectual Property shall be sold free and clear of all liens, mortgages, leases, or other rights or claims of right to use or occupancy, encumbrances, security interests, claims, charges, or other legal or equitable encumbrances and any other matter affecting title (collectively, "Liens"), with any Liens in such Intellectual Property, or the proceeds thereof, to

attach to the proceeds of such sale with the same validity, priority, and effect as they have against the Intellectual Property.

6.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtor and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Purchase Agreement. Any actions taken by the Debtor and the Purchaser necessary or desirable to consummate such transaction prior to the entry of this Order are hereby ratified.

7.     The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sales or this Order.

###

**Submitted by:**

ERIC TERRY LAW, PLLC
Eric B. Terry
State Bar No. 00794729
3511 Broadway
San Antonio, TX 78209
210/468-8274 (Telephone)
210/319-5447 (Facsimile)
eric@ericterrylaw.com
*Attorney for Debtor*

*Randolph N. Osherow*
*Attorney At Law / Trustee*
*342 W. Woodlawn Ave., #100*
*San Antonio, TX 78212-3314*

# EXHIBIT 1

## Bill of Sale

# DOMAIN NAME ASSIGNMENT

This Domain Name Assignment ("**Assignment**"), dated as of September 30th, 2019 is made and entered into by and between A'GACI LLC ("**Seller" or "Debtor**"), and Yonathan Shraga (the "**Buyer**").

## RECITALS

WHEREAS, on August 7, 2019, the Debtor filed a chapter 11 petition in the Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Court**"), Case No. 19-bk-51919-RBK;

WHEREAS, Seller and Buyer have executed a certain Bill of Sale, with an effective date of the date hereof (the "**Bill of Sale**"), which, in connection herewith, provides for this Assignment of the domains listed on the attached Exhibit A (the "**Assigned Domains**");

WHEREAS, it is desired that the assignment of the Assigned Domains be made of record in and to the domain name registrar and/or registry for each of the Assigned Domains;

NOW, THEREFORE, pursuant to said Bill of Sale, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller makes the following assignment and the parties hereto agree as follows:

## AGREEMENT

1.   Recitals.  The Recitals set forth above are hereby incorporated by reference into this Agreement by the parties set forth herein.

2.   Assignment. The Seller hereby sells, assigns, transfers and sets over to the Buyer the entire right, title and interest in and to the Assigned Domains.

3.   Assumption of Assigned Domains.  The Buyer hereby accepts, receives and acquires from the Seller all right, title and interest in the Assigned Domains, and assumes any and all duties and obligations in connection therewith.

4.   Terms.  The terms and covenants of this Assignment shall inure to the benefit of the Seller and the Buyer, their successors, assigns and other legal representatives, and shall be binding on each party and their successors, assigns and other legal representatives.

5.   Cooperation. The Seller and the Buyer each agree to execute any and all documents and to do all other lawful acts as may be required or necessary to establish the rights assigned herein and the duties assumed hereunder, including any actions necessary to effectuate the transfer of the Assigned Domains.

6.   Governing Law; Jurisdiction. This Assignment and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Texas (other than the choice of law principles thereof). Except as otherwise provided herein, any action, suit or other proceeding relating to this Agreement may be brought in the Bankruptcy Court or, if the Debtor's chapter 11 case has been dismissed, any federal or state court in the State of Texas,

as the party bringing such action, suit or proceeding shall elect, having jurisdiction over the subject matter thereof.

       7.     <u>Counterparts</u>.  This Assignment may be executed in any number of counterparts, each of which when executed shall be deemed an original instrument, and all of which together shall constitute one and the same instrument. Facsimile signatures (including those in .pdf format) shall be treated as if they were originals. The parties agree that this Assignment shall be legally binding upon the delivery and release, including by facsimile or email, by each party of an executed signature page to this Assignment to the other party hereto.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date first written above.

**SELLER:**

A'GACI LLC

By: R. N. Osherow Trustee
Name:
Title: Chapter 7 Trustee Case #
19-51919

**BUYER:**

YONATHAN SHRAGA

EXHIBIT A

Domains

AgaciStore.com

agacitoo.com

agacistore.com.ve

agaci.com.ve

boutique-five.com

boutiquefive.com

boutique5ive.com

agaci.us

agaci.biz

agaci.net

agaci.info

agaci.com.mx

agaci.co

agaci.mx

myagaci.com

myagaci.net

agacifoundation.org

myagaci.org

agacitwo.com

agacistore.biz

agacistore.co

agacistore.info

agacistore.com.mx

agacistore.mx

BILL OF SALE

This BILL OF SALE (this "**Agreement**"), dated as of September 30, 2019 is made and entered into by and between A'GACI LLC (the "**Seller**" or "**Debtor**") and Yonathan Shraga (the "**Buyer**").

## RECITALS

WHEREAS, on August 7, 2019, the Debtor filed a chapter 11 petition in the Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Court**"), Case No. 19-bk-51919-RBK;

WHEREAS, the Seller and the Buyer have executed that certain Domain Name Assignment, with an effective date of the date hereof ("**Domain Assignment**"), which provides for this Agreement;

WHEREAS, the Seller and the Buyer have executed that certain Trademark Assignment, with an effective date of the date hereof, which provides for this Agreement (the "**Trademark Assignment**" and, together with the Domain Assignment, the "**Assignment Documents**");

WHEREAS, pursuant to the terms of the Assignment Documents, the Seller has agreed to sell, assign, transfer and convey the assets set forth on the exhibits to each of the Assignment Documents and the Seller's social media assets including the Seller's accounts on Instagram, Facebook, Twitter, Pinterest, and LinkedIn (the "**Acquired Assets**") to the Buyer, and the Buyer has agreed to purchase, accept, receive and acquire from Seller the Acquired Assets. The parties desire to carry out the intent and purpose of the Assignment Documents by the execution and delivery of this Agreement evidencing the vesting in the Buyer of the Acquired Assets;

NOW, THEREFORE, pursuant to said Assignment Documents, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller makes the following assignment and the parties hereto agree as follows:

## AGREEMENT

The parties to this Agreement, in connection with the Assignment Documents and intending to be legally bound by the terms hereof, hereby agree as follows:

1.     The recitals set forth above are hereby incorporated by reference into the agreement by the parties set forth herein.

2.     The Seller does hereby convey, grant, bargain, sell, transfer, set over, assign, alien, remise, release, deliver and confirm, free and clear of all liens, claims and encumbrances, unto the Buyer and its successors and assigns forever, all of the Seller's right, title, and interest in the Acquired Assets, to have and hold for the Buyer's own use and the use of its successors and assigns, in exchange for a purchase price of $225,000.00.

3.     The Buyer hereby purchases, accepts, receives and acquires from the Seller all of the Seller's right, title, and interest in the Acquired Assets. Buyer hereby acknowledges and agrees

the Acquired Assets shall be conveyed to Buyer in "as-is" condition with no representation or warranties whatsoever.

4. Nothing in this instrument, express or implied, is intended or shall be construed to confer upon, or give to, any other person other than the Buyer, and its successors and assigns, any remedy or claim under or by reason of this instrument or any terms, covenants or conditions of this Agreement, and all the terms, covenants, conditions, promises and agreements contained in this Agreement shall be for the sole and exclusive benefit of the Seller and the Buyer, and their respective successors and assigns.

5. This instrument shall be binding upon and inure to the benefit of the Seller and Buyer, and each of their respective successors and assigns.

6. Nothing contained in this Agreement shall in any way supersede, modify, replace, amend, change, rescind, expand, exceed or enlarge or in any way affect the provisions, including the warranties, covenants, agreements, conditions or in general, any rights and remedies, and any of the obligations of any party to the Assignment Documents as set forth therein, which shall, to the extent provided in each of the Assignment Documents, survive the execution and delivery of this Agreement and the performance of the consummation of all transactions provided for in each of the Assignment Documents.

7. This Agreement shall be governed by and construed under the laws of the State of Texas without regard to conflicts of laws principles that would require the application of any other law.

8. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, shall be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes.

[Signature page follows]

**IN WITNESS WHEREOF**, each of the parties to this Agreement has duly executed this Agreement as of the date first above written.

SELLER:

A'GACI LLC

By: _R. N. Osherow Trustee_
Name: _____
Title: _Chapter 7 Trustee Case #_
_19-51919_

BUYER:

YONATHAN SHRAGA

_____

# EXHIBIT A

# EXHIBIT B

# TRADEMARK ASSIGNMENT AGREEMENT

This Trademark Assignment Agreement ("**Assignment**"), dated as of September 30, 2019 is made and entered into by and between A'GACI LLC (the "**Seller**" or "**Debtor**") and Yonathan Shraga (the "**Buyer**" and, together with the Seller, the "**Parties**").

WHEREAS, on August 7, 2019, the Debtor filed a chapter 11 petition in the Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Court**"), Case No. 19-bk-51919-RBK;

WHEREAS, Seller and Buyer have executed a certain Bill of Sale, with an effective date of the date hereof (the "**Bill of Sale**"), which, in connection herewith, provides for this Assignment of the trademarks and service marks listed on Schedule A hereto and all goodwill of the business associated therewith and symbolized thereby (the "**Assigned Marks**");

WHEREAS, Buyer desires to acquire the exclusive right, title and interest in and to the Assigned Marks;

NOW, THEREFORE, pursuant to said Bill of Sale, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller makes the following assignment and the parties hereto agree as follows:

1.     **Assignment.** Seller hereby irrevocably assigns, sells, transfers, and conveys to Buyer, its successors and assigns all of its right, title, and interest in and to the Assigned Marks, including without limitation applications therefor (as set forth on <u>Schedule A</u>), any renewals thereof, any common law rights to such Assigned Marks, all goodwill of the business associated therewith and symbolized by the Assigned Marks, the right to sue and to collect damages and payments for claims of past, present, and future infringement or misappropriation thereof.

2.     **Recordation.** Seller hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States of America to record Buyer as owner of the Assigned Marks and to issue any and all registrations, including renewals thereof, to Buyer, its successors, assigns, nominees or other legal representatives.

3.     **Successors and Assigns.** This Assignment will be fully binding upon, inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

4.     **Governing Law; Jurisdiction.** This Assignment and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Texas (other than the choice of law principles thereof). Except as otherwise provided herein, any action, suit or other proceeding relating to this Agreement may be brought in the Bankruptcy Court or, if the Debtor's chapter 11 case has been dismissed, any federal or state court in the State of Pennsylvania, as the party bringing such action, suit or proceeding shall elect, having jurisdiction over the subject matter thereof.

5.     **Counterparts.** This Assignment may be executed in any number of counterparts, each of which when executed shall be deemed an original instrument, and all of which together shall constitute one and the same instrument. Facsimile signatures (including those in .pdf format) shall be treated as if they were originals. The parties agree that this Assignment shall be legally

binding upon the delivery and release, including by facsimile or email, by each party of an executed signature page to this Assignment to the other party hereto.

IN WITNESS WHEREOF, the Parties hereto have caused this Assignment to be executed by their duly authorized representatives as of the date first written above.

**SELLER**

**BUYER**

A'GACI LLC

YONATHAN SHRAGA

Name: _John N. Osherow Trustee_

Title: _Trustee Chapter 7 Case #19-51919_

## SCHEDULE A

See Trademark Schedule