**The relief described hereinbelow is SO ORDERED.**

**Signed October 24, 2019.**



_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| A'GACI, L.L.C., | § | 19-51919-RBK |
| | § | |
| DEBTOR | § | CHAPTER 7 |
| | § | |

### ORDER REQUIRING MEDIATION AND APPOINTING MEDIATOR

At a hearing held on October 23, 2019, the chapter 7 trustee and a number of parties in interest agreed to mediate their disputes. The parties agreed that the Court should appoint Bankruptcy Judge Craig A. Gargotta as a mediator. The Court finds that the following order should be entered.

IT IS THEREFORE ORDERED AND **NOTICE IS HEREBY GIVEN** AS FOLLOWS:

1. The parties shall attend and participate in a mediation of their disputes before an independent mediator. Bankruptcy Judge Craig A. Gargotta is hereby appointed as an independent mediator. The mediation shall be conducted on November 21, 2019.

2. The mediation shall be conducted in San Antonio, Texas, at a time and location agreed upon by the parties and the mediator. The mediation may cover any disputes between the parties that the parties mutually agree should be mediated.

3. Each of the parties shall have present in-person at the mediation someone with authority to resolve the disputes. Each of the parties shall be represented by counsel at the mediation. The parties shall provide the mediator with such information (including mediation statements) as requested by the mediator and shall cooperate with the mediator.

4. Except as otherwise provided herein, a communication relating to the subject matter of any case under Title 11, contested matter, or adversary proceeding made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

   a. Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party neutral(s) facilitating the procedure may not testify, or be required to testify, in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring the disclosure of confidential information or data relating to or arising out of the matter in dispute.

   b. An oral communication or written material used in or made a part of an alternative dispute resolution procedure is only admissible or discoverable if it is admissible or discoverable independent of the procedure.

   c. If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to any

court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

# # #