## It IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-51919-rbk** |
| A'GACI, L.L.C., | § | |
| | § | **CHAPTER 7** |
| DEBTOR. | § | |

## MOTION OF SIMON PROPERTY GROUP, INC. TO COMPEL COMPLIANCE WITH DEBTOR-IN-POSSESSION FINANCING ORDER AND PAYMENT OF POST PETITION RENT

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Simon Property Group, Inc., as landlord or as managing agent for those landlords pursuant to leases with Debtor ("Landlord"), by and through its undersigned counsel, moves for entry of an order, in substantially the form submitted herewith as Exhibit "A", compelling the compliance with the DIP Order entered by the Bankruptcy Court on September 9, 2019 and requiring the immediate payment of post-petition "stub rent" to Landlord as set forth therein.

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105, 365(d)(3), 503(a), 503(b)(1)(S), and 507(a)(2).

DocID: 4850-4846-8140.1

**BACKGROUND**

4.       On January 9, 2018, the Debtor filed its first petition ("First Filing") for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

5.       The Bankruptcy Court for the Western District of Texas, San Antonio Division ("Bankruptcy Court"), entered an order confirming Debtor's plan of reorganization in its First Filing, on July 27, 2018.  The Bankruptcy Court entered a final decree on April 15, 2019.

6.       Debtor subsequently filed this Chapter 11 bankruptcy petition on August 7, 2019 (the "Petition Date") as it was unable to perform under its plan of reorganization after the First Filing.

7.       At the time of the Petition Date, the Landlord and Debtor were parties to non-residential real property leases at various properties as detailed on Exhibit "B" (the "Premises).

8.       On the Petition Date, Debtor filed a Motion Seeking Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§105, 361, 362, 363, 364, and 507 (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Super priority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifiying Automatic Stay, (VI) Granting Related Relief, and (VII) Scheduling a Final Hearing ("DIP Motion") [Docket 5], which provides in pertinent part that the "Debtor will use the proceeds of the DIP Facility to, among other things: (a) fund the administration of the Debtor's Chapter 11 case; (b) fund the Debtor's store closing sales; and (c) repay amounts outstanding under the Debtor's Prepetition Facility."

9.        On September 9, 2019, the Bankruptcy Court entered an order approving the DIP Motion (the "DIP Order") [Docket 144]. Section 53(b) of the DIP Order specifically provided for the payment of Store Occupancy ("stub rent") in the amount of $910,000 from proceeds under

the DIP Facility or from Cash Collateral. Additionally, Debtor represented to the Bankruptcy Court at the August 28, 2019 hearing ("Transcript"), attached hereto as Exhibit "C", that stub rent would be paid no later than August 30, 2019. Landlord decided not to object to the DIP motion, in part, based on the direct representation by Debtor that the post-petition rent would be paid in full. However, Debtor has failed to pay the stub rent amounts to the Landlord as provided in the DIP Order and as noted in the Transcript at 32: 1-2. Section 506 (c) of the bankruptcy code allows a debtor to charge the cost of preserving or disposing of a secured lender's collateral to the collateral itself. *See* 11 U.S.C. § 506(c). This provision ensures that the cost of liquidating a secured lender's collateral is not paid from unsecured recoveries. *See, e.g., Precision Steel Shearing v. Fremont Fin. Corp. (In re Visual Indus., Inc.)*, 57 F.3d 321, 325 (3d Cir. 1995) (stating, "section 506(c) is designed to prevent a windfall to the secured creditor"); *Kivitz v. CIT Group/Sales Fin., Inc.*, 272 B.R. 332, 334 (D. Md. 2000) (stating, "the reason for [section 506(c)] is that unsecured creditors should not be required to bear the cost of protecting property that is not theirs"). Similarly, the "equities of the case" exception in section 552(b) of the Bankruptcy Code allows a debtor, committee, or other party-in-interest to exclude post-petition proceeds from pre-petition collateral on equitable grounds, including to avoid having unencumbered assets fund the cost of a secured lender's foreclosure. See 11 U.S.C. § 552(b).

10. The Debtor and the Debtor's estate are liable to the Landlord for certain stub rent and post-petition rent and charges under the Lease that are entitled to administrative expense status pursuant to Sections 365(d)(3), 503(a), 503(b) and 507(a)(2) of the Bankruptcy Code. The amount of the Landlord's post-petition claim for rent and other charges is $546,404.75 (specifically detailed on Exhibit "B") accruing from the Petition Date through the effective date of rejection of August 31, 2019 ("Rejection Date").

11.     As Debtor conducted store closing sales in the Premises for the benefit of Debtor's estate, Landlord is entitled to payment of its administrative expense "stub rent" claims from the proceeds of the DIP Facility or from Cash Collateral as provided for in the DIP Order. Those funds identified in the DIP Order for the payment of the stub rent should be considered ear-marked specifically for the payment of these administrative expense obligations.  Absent immediate funding of the stub rent in full as required under the DIP order and sufficient funding in a consensual budget that reserves funds for the payment of all Stub Rent and ensures (i) the immediate payment of the Stub Rent to the Landlord, the Debtors and secured lenders should not be allowed to waive their statutory ability to surcharge the Secured Lenders' collateral and/or recover costs, including Stub Rent, as adequate protection or under the equities of the case.  *See, e.g., In re Mortgage Lenders Network USA, Inc.*, Hearing Transcript (Docket No. 346) at 20-21, Case No. 07-10146 (PJW) (Bankr. D. Del. Mar. 20, 2007) (recognizing that 506(c) waivers require creditor consent); *see also In re Townsends, Inc.*, Case No. 10-14092 (CSS) Hearing Transcript (Docket No. 338) at 23-25 (Bankr. D. Del. Jan. 21, 2011) (refusing to approve financing for a sale process that would leave the estate administratively insolvent); *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW) Hearing Transcript (Docket No. 224) at 100 (Bankr. D. Del. July 13, 2010) (requiring that secured creditors pay the "freight" of the bankruptcy by ensuring an administratively solvent estate).

12.     On October 6, 2019, the Bankruptcy Court granted the Motion filed by Seventh Avenue Capital Partners to convert Chapter 11 Case to Case under Chapter 7 [Docket 229]. Pursuant to the Order granting the Expedited Motion filed by Seventh Avenue Capital Partners, all rights, positions, statements, motions, and arguments asserted by any party in the Case on or prior to the date of entry of the Order survive the conversion to a Chapter 7 proceeding.

**RELIEF REQUESTED**

13.     The Landlord respectfully requests that the Bankruptcy Court enter an order granting this Motion and allowing payment of the administrative priority expense claim in favor of the Landlord in an amount not less than the total due per Exhibit "B" which represents the payment obligations arising or accruing under the Lease between the Petition Date and the Rejection Date pursuant to Bankruptcy Code Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

**BASIS FOR THE RELIEF REQUESTED**

*A.     The Landlord is entitled to Payment Pursuant to Section 365(d)(3) of the Bankruptcy Code.*

14.     Section 365(d)(3) states the Trustee shall "timely perform all the obligations of the Debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…" 11 U.S.C. § 365(d)(3).

15.     Section 365(d)(3) gives administrative priority to lease obligations that arise post-petition.  *In re Leather Factory, Inc.*, 475 B.R. 710, 714 (Bankr. C.D.Ca. 2012) ("Rent for the days after the filing of the petition until the next lease payment is due are an administrative claim under § 365(d)(3) in a prorated amount of a full monthly lease payment…To rule otherwise would reward the estate to detriment of the landlord, which was not the intent of Congress").

16.     Under Section 503(a) of the Bankruptcy Code, the Landlord is entitled to request payment of administrative expenses defined as "the actual, necessary costs and expenses of preserving the estate" 11 U.S.C. § 503(b)(1)(A).  In order to satisfy section 503(b)(1)(A) a claim must: (1) arise from a debt incurred post-petition; (2) arise in connection with a transaction between the claimant and the debtor-in-possession; and (3) represent a debt

incurred to benefit the operation of the debtor's business." *In re Pacific Arts Publ.*, 198 B.R at 322.

17.    Pursuant to Section 105 of the Bankruptcy Code, the Court is empowered to effectuate the above substantive Code provisions and the terms of its DIP Order in a manner consistent with the representations made by the Debtor in advocating the DIP Motion. To do otherwise would withhold any perceived benefits for the Landlord that were represented to the Court through the DIP Motion and DIP Order.

### CONCLUSION

18.    The Landlord respectfully requests that this Court enter the proposed Order, enforcing the DIP Order and compelling the Debtors and Trustee to pay Landlord's post-petition "stub rent' as detailed more specifically in Exhibit "B" (attached hereto).

**WHEREFORE**, Simon Property Group, Inc. respectfully requests that the Court enter an Order awarding the payment of post-petition "stub rent" and directing the Debtor to forthwith pay "stub rent", and provide the Landlord with such other and further relief as the Court deems just and proper.

November 6, 2019                    HUSCH BLACKWELL LLP
                                    111 Congress Avenue, Suite 1400
                                    Austin, Texas 78701
                                    (512) 472-5456 (main)
                                    (512) 479-1101 (fax)

                                    By: */s/ Lynn H. Butler*
                                        Lynn H. Butler
                                        Texas Bar No. 03527350
                                        lynn.butler@huschblackwell.com

                                    **COUNSEL FOR SIMON PROPERTY GROUP, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on November 6, 2019, a true and correct copy of the foregoing pleading is being served via this Court's ECF notification system to all parties registered to receive such notice as listed below.

/s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler

CM/ECF NOTICE OF ELECTRONIC FILING
Andrew S Conway on behalf of Creditor Taubman Landlords aconway@taubman.com, mrumpl@taubman.com
Benjamin Joseph Steele on behalf of Claims/Noticing Agent Prime Clerk LLC ecf@primeclerk.com
Carlos M Arce on behalf of Creditor Maverick County carce@pbfcm.com
Christopher S. Murphy on behalf of Creditor Texas Comptroller of Public Accounts bk-cmurphy@oag.texas.gov, sherri.simpson@oag.texas.gov
Christopher S. Murphy on behalf of Plaintiff Texas Comptroller of Public Accounts bk-cmurphy@oag.texas.gov, sherri.simpson@oag.texas.gov
Danielle Nicole Rushing on behalf of Interested Party SB360 CAPITAL PARTNERS, LLC drushing@dykema.com, lvasquez@dykema.com;docketsat@dykema.com
Danielle Nicole Rushing on behalf of Interested Party HILCO MERCHANT RESOURCES drushing@dykema.com, lvasquez@dykema.com;docketsat@dykema.com
Devon J. Eggert on behalf of Creditor Official Committee of Unsecured Creditors deggert@freeborn.com, pfoster@bcblaw.net
Diane W. Sanders on behalf of Creditor Cameron County austin.bankruptcy@publicans.com
Diane W. Sanders on behalf of Creditor San Marcos CISD austin.bankruptcy@publicans.com
Diane W. Sanders on behalf of Creditor Hidalgo County austin.bankruptcy@publicans.com
Diane W. Sanders on behalf of Creditor City of McAllen austin.bankruptcy@publicans.com
Donald P. Stecker on behalf of Creditor Cypress-Fairbanks ISD don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Fort Bend County don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Hidalgo County don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor City of McAllen don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor City of Harlingen don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor City of El Paso don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Bexar County don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor City of Eagle Pass don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Eagle Pass ISD don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Dallas County, Tarrant County, Smith County don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Harlingen CISD don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Harris County don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor San Marcos CISD don.stecker@lgbs.com
Donald P. Stecker on behalf of Creditor Cameron County don.stecker@lgbs.com
Dustin P. Branch on behalf of Creditor YTC Mall Owner, LLC branchd@ballardspahr.com, carolod@ballardspahr.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)

system (continued)

Dustin P. Branch on behalf of Creditor The Macerich Company branchd@ballardspahr.com, carolod@ballardspahr.com

Dustin P. Branch on behalf of Creditor Unibail-Rodamco-Westfield branchd@ballardspahr.com, carolod@ballardspahr.com

Dustin P. Branch on behalf of Creditor Starwood Retail Partners LLC branchd@ballardspahr.com,
carolod@ballardspahr.com

Eboney Delane Cobb on behalf of Creditor City of Grapevine ecobb@pbfcm.com, rgleason@pbfcm.com

Eboney Delane Cobb on behalf of Creditor Arlington ISD ecobb@pbfcm.com, rgleason@pbfcm.com

Eboney Delane Cobb on behalf of Creditor Crowley ISD ecobb@pbfcm.com, rgleason@pbfcm.com

Eboney Delane Cobb on behalf of Creditor Grapevine-Colleyville ISD ecobb@pbfcm.com, rgleason@pbfcm.com

Elizabeth L. Janczak on behalf of Creditor Official Committee of Unsecured Creditors ejanczak@freeborn.com, bkdocketing@freeborn.com

Elizabeth L. Janczak on behalf of Trustee Randolph N Osherow ejanczak@freeborn.com, bkdocketing@freeborn.com

Eric Terry on behalf of Debtor A'GACI, L.L.C. eric@ericterrylaw.com

H. Elizabeth Weller on behalf of Creditor Dallas County, Tarrant County, Smith County bethw@publicans.com

Harlan Mitchell Lazarus on behalf of Creditor Project 28 Clothing LLC Hlazarus@lazarusandlazarus.com, harlan.lazarus@gmail.com

J. Scott Rose on behalf of Creditor Second Avenue Capital Partners, LLC srose@jw.com

J. Scott Rose on behalf of Defendant Second Avenue Capital Partners, LLC srose@jw.com

Jack O'Boyle on behalf of Creditor MXLI, LLC txwb@jackoboyle.com, travis@jackoboyle.com

Jack O'Boyle on behalf of Creditor MXLI, L.L.C. txwb@jackoboyle.com, travis@jackoboyle.com

Jennifer Francine Wertz on behalf of Creditor Second Avenue Capital Partners, LLC jwertz@jw.com, kgradney@jw.com

John P. Dillman on behalf of Creditor Harris County houston_bankruptcy@publicans.com

John P. Dillman on behalf of Creditor Fort Bend County houston_bankruptcy@publicans.com

John P. Dillman on behalf of Creditor Cypress-Fairbanks ISD houston_bankruptcy@publicans.com

John T. Banks on behalf of Creditor City of Mercedes jbanks@pbfcm.com, jbanks@ecf.inforuptcy.com

Justin R. Opitz on behalf of Creditor Meritain Health, Inc. jopitz@mcguirewoods.com, dduncan@mcguirewoods.com

Kenneth C. Johnston on behalf of Creditor AFCO Credit Corporation kjohnston@johnstonpratt.com,

klemon@johnstonpratt.com;klong@johnstonpratt.com;cperkins@johnstonpratt.com;sbyrd@johnstonpratt.c
om;mmendoza@johnstonpratt.com

Kevin M Newman on behalf of Creditor EklecCo NewCo LLC knewman@barclaydamon.com, kmnbk@barclaydamon.com

Kimberly Marie Johnson Sims on behalf of Creditor LCG Stout Drive, LLC ksims@palterlaw.com,
kburkhart@palterlaw.com

Laura J. Monroe on behalf of Creditor Lubbock Central Appraisal District, et al
lmbkr@pbfcm.com, krobertson@ecf.inforuptcy.com

Melissa Emily Valdez on behalf of Creditor Certain Texas Taxing Entities mvaldez@pbfcm.com,
tpope@pbfcm.com;osonik@pbfcm.com;mvaldez@ecf.courtdrive.com

Michael M. Parker on behalf of Interested Party Beazley Execuguard
michael.parker@nortonrosefulbright.com

Owen M Sonik on behalf of Creditor Alief Independent School District, et al osonik@pbfcm.com,
tpope@pbfcm.com;osonik@ecf.inforuptcy.com

Patrick L. Huffstickler on behalf of Interested Party HILCO MERCHANT RESOURCES
phuffstickler@dykema.com,
maraiza@dykema.com;docketsat@dykema.com;lvasquez@dykema.com

Patrick L. Huffstickler on behalf of Interested Party SB360 CAPITAL PARTNERS, LLC
phuffstickler@dykema.com,
maraiza@dykema.com;docketsat@dykema.com;lvasquez@dykema.com

Payam Khodadadi on behalf of Creditor Meritain Health, Inc. pkhodadadi@mcguirewoods.com,
sfaulkner@mcguirewoods.com

Randolph N Osherow rosherow@hotmail.com, rosherow@ecf.axosfs.com

Robert L. LeHane on behalf of Creditor Brookfield Property REIT, Inc.
kdwbankruptcydepartment@kelleydrye.com;MVicinanza@ecf.inforuptcy.com

Ronald Eric Gold on behalf of Creditor Washington Prime Group Inc. rgold@fbtlaw.com,
eseverini@fbtlaw.com;awebb@fbtlaw.com

Ronald M. Tucker on behalf of Creditor Simon Property Group, L.P. rtucker@simon.com,
cmartin@simon.com,bankruptcy@simon.com,antimm@simon.com,jvalentin@simon.com

Shelly A. DeRousse on behalf of Trustee Randolph N Osherow sderousse@freeborn.com,
bkdocketing@freeborn.com

Shelly A. DeRousse on behalf of Creditor Official Committee of Unsecured Creditors
sderousse@freeborn.com, bkdocketing@freeborn.com

Steve A. Peirce on behalf of Interested Party Beazley Execuguard
steve.peirce@nortonrosefulbright.com

Tab Beall on behalf of Creditor Tyler Independent School District tbeall@pbfcm.com,
tylbkc@pbfcm.com;tbeall@ecf.inforuptcy.com

Tara LeDay on behalf of Creditor Texas Taxing Authorities
tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com;ccain@mvbalaw.com;vcovington@mvbala
w.com;bankruptc
y@mvbalaw.com;jwilliams@mvbalaw.com;alocklin@mvbalaw.com

United States Trustee - SA12 USTPRegion07.SN.ECF@usdoj.gov

William B. Kingman on behalf of Interested Party SierraConstellation Partners, LLC
bkingman@kingmanlaw.com, hdangelo@kingmanlaw.com

**Exhibit A**

DocID: 4850-4846-8140.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 19-51919-rbk** |
| **A'GACI, L.L.C.,** | § | |
| | § | **CHAPTER 7** |
| **DEBTOR.** | § | |

## ORDER GRANTING MOTION OF SIMON PROPERTY GROUP, INC. TO COMPEL COMPLIANCE WITH DEBTOR-IN-POSSESSION FINANCING ORDER AND PAYMENT OF POST-PETITION RENT

On this day, the Court considered the Motion of Simon Property Group, Inc. To Compel Compliance With Debtor-In-Possession Financing Order and Payment of Post-Petition Rent ("Rent Motion"). Having considered the merits of the Rent Motion, the Court finds the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court further finds that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court is authorized to grant the relief requested in the Rent Motion pursuant to 11 U.S.C. §§ 105, 365(d)(3), 503(a), 503(b)(1)(S), and 507(a)(2). The Court further finds that the Rent Motion to be meritorious based on the pleadings and presented evidence.

THEREFORE, the Court GRANTS the Rent Motion.

The Chapter 7 Trustee is authorized and directed to make the payment of post-petition "stub rent" and other charges to Simon Property Group, Inc. in the amount of $546,404.75 (as specifically detailed on Exhibit "B" to the Rent Motion), which amount represents the post-petition rent accruing from the Petition Date through the effective date of rejection of August 31, 2019 ("Rejection Date").

# # #

Order submitted by:

Lynn H. Butler
Texas Bar No. 03527350
lynn.butler@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1101 (fax)

**COUNSEL FOR SIMON PROPERTY GROUP, INC.**

# EXHIBIT B

| Property ID | Property Name | Lease ID | Store Number | Outstanding Amounts |
|---|---|---|---|---|
| 0145 | Barton Creek Square | A//GA/1 | DNE | $28,703.16 |
| 0344 | Broadway Square | A//GA// | 0246-BWY | $9,691.07 |
| 0511 | Cielo Vista Mall | A//GA// | 124 | $52,535.38 |
| 9862 | Coral Square | A//GA// | 270 | $24,140.30 |
| 5243 | Del Amo Fashion Center | A//GA/1 | 249 | $13,302.38 |
| 8544 | Florida Mall | A//GA// | 221 | $75,873.35 |
| 7621 | Houston Galleria | A//GA1/ | 199 | $5,624.37 |
| 1711 | Ingram Park Mall | A//GA// | 112 | $ 32,895.94 |
| 5217 | Katy Mills | A//GA// | 220 | $ 23,322.81 |
| 2546 | La Plaza Mall | A//GA/1 | 127 | $ 100,066.40 |
| 2324 | Lakeline Mall | A//GA2/ | 266 | $ 1,078.02 |
| 9780 | Miami International Mall | A//GA/1 | 198 | $ 24,102.95 |
| 2580 | Midland Park Mall | A//GA// | 122 | $ 26,418.00 |
| 7908 | Rio Grande Valley Prem Outlet | A//GA// | 202 | $18,664.60 |
| 7982 | San Marcos Premium Outlets | A//GA// | 201 | $12,133.99 |
| 5229 | Sawgrass Mills | A//GA// | 217 | $54,978.18 |
| 8087 | The Avenues | A//GA// | 232 | $ 18,818.11 |
| 4739 | The Domain II | A//GA// | 123 | $ 819.84 |
| 5037 | Woodfield Mall | A//GA// | 212 | $ 23,235.90 |
| | | | *Total* | $546,404.75 |

<u>EXHIBIT C</u>

*Attempting to obtain transcript.*

DocID: 4850-4846-8140.1